# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JONATHAN A. SLAIKEU,<br><br>                Plaintiff,<br><br>     v.<br><br>ALASKA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>                Defendants. | Case No. 3:22-cv-00188-RRB |

## ORDER OF DISMISSAL

On August 23, 2022, Jonathan Slaikeu, a self-represented prisoner ("Plaintiff"), filed a Prisoner's Complaint under the Civil Rights Act, a civil cover sheet, an Application to Waive Prepayment of the Filing Fee, and a Motion to Appoint Counsel.[1] Plaintiff subsequently filed a Motion for Equitable Tolling of Statute of Limitations, an Amended Complaint, Attachments to Amended Complaint, and an additional Amended Complaint.[2] The Court now screens Plaintiff's filings in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner. In this screening, a court shall dismiss the case at any time if the court determines that the action:

---

[1] Dockets 1-5.

[2] Dockets 7, 11, 14, and 14-1.

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[3]

To determine whether a complaint states a valid claim for which relief may be granted, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[4] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[5] Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief." A complaint should set out each claim for relief separately. Factual allegations must not be speculative; rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] While a complaint need not, and should not, contain every

---

[3] 28 U.S.C. § 1915A.

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[5] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

precise, factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[7]

Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[8] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[9]

## DISCUSSION

### I.  Complaint

Plaintiff brings a personal injury suit against the Alaska Department of Corrections (DOC) and four DOC employees.[10] Plaintiff's explains he was raped by another inmate on February 26, 2015, and alleges the DOC employees failed to protect him, subjected to cruel and unusual punishment, and retaliated against him for filing a Prison Rape Elimination Act (PREA) complaint.[11] Plaintiff also

---

[7] Id.

[8] See Gordon v. City of Oakland, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir. 1988)).

[9] See Schreiber Distributing Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

[10] Dockets 1, 5.

[11] Docket 1 at 3–5.

Case No. 3:22-cv-00196-JMK, Slaikeu v. Anderson et al.
Order of Dismissal
Page 3 of 8

Case 3:22-cv-00188-RRB   Document 15   Filed 02/01/23   Page 3 of 8

alleges DOC employees committed due process and procedural violations during the PREA investigation.[12]

Plaintiff previously brought a lawsuit brought in the Alaska Superior Court based on these same events.[13] The Court takes judicial notice[14] of Plaintiff's state tort action against the Alaska DOC, which was dismissed with prejudice on March 22, 2017.[15]

## II. Statute of Limitations

Plaintiff's claims are time-barred by the statute of limitations. In determining the timeliness of civil rights claims under 42 U.S.C. § 1983 ("Section 1983"), federal courts apply the statute of limitations and tolling rules that are applicable to personal-injury claims in the forum state.[16] The statute of limitations for such claims in Alaska is two years.[17] A statute of limitations can be extended under the

---

[12] Docket 1 at 6. *See also* Docket 7 at 5. PREA does not create a private cause of action that can be brought by an individual plaintiff, and therefore Plaintiff's claims alleging violations of PREA fail to state a claim for relief. *See* 42 U.S.C. § 15607(e) (explicitly directing the Attorney General to enforce compliance with the PREA); see also *Sandoval,* 532 U.S. at 286 (explaining that absent Congressional intent "to create not just a private right but also a private remedy . . . no private right of action exists.").

[13] Docket 6 at 1.

[14] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019). *See also* Fed. R. Evid. 201; *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[15] Slaikeu v. State of Alaska Department of Corrections, Case No. 3AN-15-10927CI.

[16] *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).

[17] Alaska Stat. § 09.10.070(a). See also *Gefre v. Davis Wright Tremaine, LLP,* 306 P.3d 1264, 1273 n.18 (Alaska 2013) ("AS 09.10.070 is a residual statute of limitations in that it governs all

Case No. 3:22-cv-00196-JMK, *Slaikeu v. Anderson et al.*
Order of Dismissal
Page 4 of 8
Case 3:22-cv-00188-RRB   Document 15   Filed 02/01/23   Page 4 of 8

"discovery rule," which tolls a statute of limitations "[w]here an element of a cause of action is not immediately apparent."[18] Alaska law also allows for equitable tolling if the plaintiff is incompetent by reason of mental illness or mental disability at the time the cause of action accrues.[19]

Plaintiff's statute of limitations began on the date of the alleged injury, on February 26, 2015.[20] Plaintiff alleges he has struggled with mental health since he was a teenager,[21] has ongoing "trauma, emotional mental, physical pain" from the incidents,[22] and asserts "inmates pay[ ] people to get at [him] and the COs allow it."[23] While the Court sympathizes with Plaintiff's concerns regarding his mental health and trauma, the "general test" for mental incompetency is "whether a person could know or understand his legal rights sufficiently well to manage his

---

claims for personal injury not arising on contract and not specifically provided otherwise.") (internal citations and quotations omitted); *Silverton v. Marler,* 389 P.2d 3, 5 (Alaska 1964) ("A tort action must be commenced within two years . . . ." (citing Alaska Stat. § 09.10.070)).

[18] *Gefre v. Davis Wright Tremaine, LLP*, 306 P.3d 1264, 1273 (Alaska 2013).

[19] Alaska Stat. § 09.10.140(a).

[20] *Yurioff v. Am. Honda Motor Co.,* 803 P.2d 386, 388 (Alaska 1990) ("A cause of action accrues when a party knows or should know that he has a claim. Ordinarily, this is the date on which the injury occurs.").

[21] Docket 6.

[22] Docket 7 at 5.

[23] Docket 1 at 8.

personal affairs."[24] This test does not measure "whether a litigant *did* understand his or her legal rights, but whether he or she is *capable* of understanding them."[25]

Plaintiff does not provide sufficient facts to suggest any subsequent civil rights violations nor any new information that has since come to light regarding the February 2015 events that are the basis of his action. Plaintiff therefore knew or should have known about the underlying facts for any possible complaint by February 2017. Additionally, Plaintiff has filed grievances with DOC staff and filed a state tort action based on these same allegations. These actions demonstrate Plaintiff understood—or at least was capable of understanding—his legal rights. The Court finds Plaintiff's arguments insufficient to justify tolling. Consequently, Plaintiff's claims fall well outside the statute of limitations and are time-barred.

### III. *Res Judicata*

Even if Plaintiff's claim was subject to a longer statutory period, given the final disposition of Plaintiff's state action, the doctrine of *res judicata* applies to this case and requires its dismissal. The doctrine of *res judicata*, also known as claim preclusion, provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action or issues that were or could have been raised in that action.[26] The Ninth Circuit has explained the

---

[24] *Cikan v. ARCO Alaska, Inc.*, 125 P.3d 335, 340 (Alaska 2005).

[25] *Hernandez–Robaina v. State,* 849 P.2d 783, 785 (Alaska 1993).

[26] *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051–52 (9th Cir. 2005) (citation omitted).

Case No. 3:22-cv-00196-JMK, *Slaikeu v. Anderson et al.*
Order of Dismissal
Page 6 of 8

doctrine of *res judicata* applies when "the earlier suit . . . (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies."[27]

Pursuant to "the Full Faith and Credit Act, federal courts must give state judicial proceedings 'the same full faith and credit . . . as they have by law or usage in the courts of [the] State . . . from which they are taken.'"[28] Accordingly, federal courts must "apply the *res judicata* rules of a particular state to judgments issued by courts of that state."[29] Therefore, in this case, the Court must apply Alaska law in determining whether the state court's judgment should be given preclusive effect. Under Alaska law, *res judicata* covers relevant claims that could have been raised in the prior case but were not.[30]

By Plaintiff's own admission, this federal action involves the same claims that were dismissed in his state action against the Alaska.[31] A stipulated dismissal with prejudice generally constitutes a final judgment on the merits.[32] Therefore, the claims included in his state tort case and any claims that could have been

---

[27] *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002).

[28] *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988) (quoting 28 U.S.C. § 1738).

[29] *Id.*

[30] *Hiser v. Franklin,* 94 F.3d 1287 (9th Cir. 1996). See also *Wilson v. Municipality of Anchorage,* 977 P.2d 713, 726 (Alaska 1999); *Jackinsky v. Jackinsky,* 894 P.2d 650, 654 (Alaska 1995).

[31] Docket 6 at 1.

[32] *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005).

Case No. 3:22-cv-00196-JMK, *Slaikeu v. Anderson et al.*
Order of Dismissal
Page 7 of 8
Case 3:22-cv-00188-RRB   Document 15   Filed 02/01/23   Page 7 of 8

raised are barred by the doctrine of *res judicata*. Accordingly, this action must be dismissed with prejudice.

## CONCLUSION

Self-represented litigants generally are entitled to notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action.[33] However, Plaintiff's claims are time-barred by the statute of limitations and the doctrine of *res judicata* and are not capable of being cured by amendment.[34] Therefore, this action is **DISMISSED WITH PREJUDICE.**

This dismissal counts as a "strike" against Plaintiff under § 1915(g). After three strikes, Plaintiff will be unable to file lawsuits under in forma pauperis status, unless he demonstrates "imminent danger of serious physical injury."[35]

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED WITH PREJUDICE**.
2. All pending motions are **DENIED AS MOOT.**
3. This dismissal counts as a strike under 28 U.S.C. § 1915(g).
4. The Clerk of Court shall issue a final judgement.

DATED this 1st day of February, 2023, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[33] *Lucas v. Dep't of Corr.,* 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

[34] *Lopez*, 203 F.3d at 1130–31.

[35] 28 U.S.C. § 1915(g).

Case No. 3:22-cv-00196-JMK, *Slaikeu v. Anderson et al.*
Order of Dismissal
Page 8 of 8
Case 3:22-cv-00188-RRB   Document 15   Filed 02/01/23   Page 8 of 8