IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JONATHAN SLAIKEU,<br><br>                Plaintiff,<br><br>     v.<br><br>ALASKA DEPARTMENT OF CORRECTIONS *et al.*,<br><br>                Defendants. | Case No. 3:22-cv-00188-RRB |

### ORDER RE MOTION TO RECONSIDER

On February 1, 2023, the Court issued a Screening Order in accordance with 28 U.S.C. § 1915 dismissing Plaintiff's action with prejudice.[1] Plaintiff filed an appeal to the Ninth Circuit on February 13, 2023 and an "Amended Complaint to the appeal."[2] Plaintiff filed a Motion to Reconsider on February 15, 2023[3] and a Motion for Expedited Consideration of his Motion to Reconsider April 14, 2023.[4] For the reasons explained below, Plaintiff's motion at Docket 22 is DENIED.

### Amended Complaint & New Allegations

As an initial matter, the Court shall not consider the new information contained in the documents filed with the Court[5] to the extent it relates to facts not

---

[1] Docket 15.

[2] Dockets 17–18.

[3] Docket 22.

[4] Docket 23.

[5] Dockets 18, 22.

previously raised in this case and events Plaintiff claims have occurred since this case was closed.[6] The Court takes judicial notice[7] of Plaintiff's other pending actions containing what appears to be similar factual allegations regarding recent retaliation and discipline.[8] Plaintiff's pending actions and any additional future actions he chooses to file must be screened and addressed separately from this order.

## Motion to Reconsider

A motion to reconsider only applies to non-dispositive orders.[9] In order for a Court to alter or amend a final judgment, a Court must evaluate it under Rule 59(e) of the Federal Rules of Civil Procedure.[10] Rule 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."[11] The Rule grants a district court an opportunity "'to rectify its

---

[6] *See Allstate Ins. Co.*, 634 F.3d at 1112 (a party should not be using Rule 59(e) to present new arguments or evidence that could have been reasonably raised earlier.); *see also* Fed. R. Civ. P. 15(a) and Local Civil Rule 15.1 (explaining the proper procedure to amending a complaint).

[7] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also* Fed. R. Evid. 201 (a court can take judicial notice of its own files and records.).

[8] *See Slaikeu v. Anderson et al.*, Case No. 3:22-cv-00196-JMK; *Slaikeu v. Masse et al.*, Case No. 3:23-cv-00053-JMK; and *Slaikeu v. Mcclenahan et al.*, Case No. 3:23-cv-00052-JMK.

[9] Local Civil Rule 7.3(h).

[10] *Magnus Pac. Corp. v. Advanced Explosives Demolition, Inc.*, 2014 WL 3533622, at *1 (D. Idaho July 15, 2014) ("the Ninth Circuit has instructed that courts should treat motions to reconsider "as motions to alter or amend under Federal Rule of Civil Procedure 59(e)." ).

[11] Fed. R. Civ. P. 59(e).

Case No. 3:22-cv-00188-RRB, *Slaikeu v. Alaska Dep't of Corrections, et al.*
Order re Motion to Reconsider
Page 2 of 4

Case 3:22-cv-00188-RRB   Document 24   Filed 04/17/23   Page 2 of 4

own mistakes in the period immediately following' its decision."[12] Rule 59(e) does not prescribe "specific grounds for a motion to amend or alter[;]" thus, "the district court enjoys considerable discretion in granting or denying the motion."[13] However, relief under Rule 59(e) is granted in only "highly unusual circumstances," because amending a judgment after entry is "an extraordinary remedy to be used sparingly[.]"[14]

Generally, there are four grounds for relief under Rule 59(e): (1) to correct a court's manifest error of law or fact; (2) "newly discovered or previously unavailable evidence"; (3) to prevent "manifest injustice"; or (4) or because of an "intervening change in controlling law."[15] A party "must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision[.]"[16] Rule 59(e) is not intended to give litigants "a second bite of the apple" or an "additional chance to sway the judge."[17]

---

[12] *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982)).

[13] *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253 n.1 (9th Cir. 1999) (en banc) (per curium) (internal quotation marks omitted).

[14] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).

[15] *Allstate Ins. Co.*, 634 F.3d at 1111.

[16] *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 649 F. Supp. 2d 1063, 1070 (E.D. Cal. 2009) (citation and internal quotation marks omitted).

[17] *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133 (E.D. Cal. 2016) (internal citation and quotation marks omitted).

Case No. 3:22-cv-00188-RRB, *Slaikeu v. Alaska Dep't of Corrections, et al.*
Order re Motion to Reconsider
Page 3 of 4
Case 3:22-cv-00188-RRB   Document 24   Filed 04/17/23   Page 3 of 4

While the Court is not unsympathetic to Plaintiff's plight, Plaintiff does not set forth any valid grounds for reconsideration. Plaintiff disagrees with the Court's analysis in its order dismissing his case with prejudice. Upon review, the Court did not commit any clear error or subject Plaintiff to any manifest injustice in its prior order. Plaintiff's challenges are more appropriately addressed on appeal,[18] and Plaintiff has filed an appeal to the Ninth Circuit in this case.[19] Plaintiff should review and comply with the Federal Rules of Appellate Procedure, the Local Rules of the Ninth Circuit Court of Appeals,[20] and all orders from the Ninth Circuit.

**IT IS THEREFORE ORDERED**:

1. Plaintiff's Motion for Reconsideration at Docket 22 is DENIED.

2. Plaintiff's Motion at Docket 23 is DENIED AS MOOT.

DATED this 17th day of April, 2023, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[18] *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application); *Soetantyo*, 976 F. Supp. at 1302 ("A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through.").

[19] Dockets 18–21.

[20] The most current version of the Federal Rules of Appellate Procedure, Ninth Circuit Rules and Circuit Advisory Committee Notes are available at https://www.ca9.uscourts.gov/rules/.

Case No. 3:22-cv-00188-RRB, *Slaikeu v. Alaska Dep't of Corrections, et al.*
Order re Motion to Reconsider
Page 4 of 4

Case 3:22-cv-00188-RRB   Document 24   Filed 04/17/23   Page 4 of 4